UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIO DOMINGO MATEO JUAN,<br><br>  Petitioner,<br>v.<br><br>KRISTI NOEM, et al.,<br><br>  Respondents. | CASE NO. 2:26-cv-00447-KKE<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER |

On February 6, 2026, Petitioner filed a petition for writ of habeas corpus. (Dkt. No. 1.) On February 8, 2026, Petitioner filed an *ex parte* motion for temporary restraining order. (Dkt. No. 3.) The following is a brief summary of the facts alleged in the petition, the motion for temporary restraining order, and the supporting documents.

Petitioner is currently detained by Immigration and Customs Enforcement ("ICE"). His detention commenced on December 22, 2025 and he was sent to the Northwest ICE Processing Center ("NWIPC"). Petitioner is a native and citizen of Guatemala who entered the United States approximately 10 years ago without inspection. Petitioner was detained and subsequently

released from custody under an order of supervision. On June 7, 2017, an asylum officer found that Petitioner has a reasonable fear of return to Guatemala and referred his case to the immigration court for withholding-only proceedings. An immigration judge denied Petitioner's application for withholding of removal, and the Board of Immigration Appeals denied following appeal. On September 6, 2023, a prior order of removal was reinstated after an immigration judge entered an *in absentia* order.

Petitioner asserts he appeared for a check-in with ICE on December 22, 2025. At that check-in, ICE re-detained him. Petitioner alleged ICE re-detained him without following the procedures outlined in 8 C.F.R §§ 241.4 and 241.13(i), which pertain to individuals who have received a final order of removal but whose departure has not been executed within the specified 90-day removal period. Specifically, § 241.13 pertains to individuals who ICE previously has determined there was "no significant likelihood of removal to the country to which he or she was ordered removed." Among other things, Petitioner alleges Respondents (1) re-detained him without providing Petitioner with any written notice explaining the basis for the revocation of his release, (2) failed to provide an informal interview and (3) never provided Petitioner an opportunity to respond to any allegations that would justify his re-detention.

On February 6, 2026, Petitioner's motion to reopen his immigration proceedings was granted, and an immigration judge granted Petitioner's emergency motion for a stay of removal. Also on February 6, 2026, Petitioner informed his wife that he believed ICE was going to transfer him out of NWIPC to effectuate his removal. Petitioner's counsel filed this habeas action, and the Court (Evanson, J.) issued a scheduling order that required Respondents to provide notice prior to any action to move or transfer Petitioner from the Western District of

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 2

Washington or remove them from the United States. On February 7, 2026, Petitioner's counsel received notice that Petitioner had been transferred to El Paso, Texas.[1]

On February 8, 2026, Petitioner's wife informed his counsel that ICE is planning on effectuating Petitioner's removal to Guatemala, despite the fact that Petitioner was granted a stay of removal and his motion to reopen was granted.

Petitioner asserts various causes of action against Respondents including violation of due process and violation of removal regulations.

Petitioner's counsel identifies they only learned of ICE's transfer of Petitioner to Texas on February 7, 2026, and learned of ICE's decision to remove Petitioner on February 8, 2026. Petitioner's counsel asserts they will serve the Respondents as soon as reasonably possible but that issuance of a temporary restraining order without notice is necessary because Petitioner is expected to be removed from the United States; in other words, it was impossible to provide notice prior to filing the motion for temporary restraining order.

## ORDER

Having reviewed the petition, the *ex parte* motion for temporary restraining order, and supporting documents, the Court finds Petitioner meets the standard for issuance of an *ex parte* temporary restraining order and GRANTS Petitioner's motion for issuance of an *ex parte* temporary restraining order as follows:

1. The Government and Respondents are PROHIBITED from removing Petitioner from the United States without further order of this Court. Whether Petitioner shall be

---

[1] The Court is unclear of the exact timeline of the actions. However, Petitioner asserts he has been granted a stay of removal and an order reopening immigration proceedings.

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 3

ordered back to NWIPC is left for the assigned judge to determine after further briefing on the issue.

2. This Order has been issued without notice because Petitioner is currently in ICE custody, he is subject to immediate removal from the United States, and an immigration judge ordered a stay of removal on February 6, 2026.  Such removal would deprive Petitioner of the ability to challenge the lawfulness of his detention and Respondents' authority to remove him from the United States.  This loss constitutes irreparable harm as does the loss of liberty based on what may be an invalid re-detention process.

3. This Order was issued without notice because Petitioner's counsel was not able to provide notice given the timing of when Petitioner learned he might be removed from the United States.

4. This Order will expire no later than 14 days from the date of its entry.

5. Petitioner is ordered to effectuate immediate service of the motion for temporary restraining order and this Order on Respondents to USAWAW.ImmigrationHabeasService@usdoj.gov.

6. Once service is accomplished, Petitioner's counsel SHALL confer with Respondents' counsel and agree on a briefing schedule regarding the potential issuance of a preliminary injunction.  If the Parties can agree on a briefing schedule, they SHALL file a stipulated briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  It is the Court's preference that the Parties agree that the briefing scheduled for a preliminary injunction will correspond with the Court's scheduling order issued at Dkt. No. 2. .  If agreement

cannot be reached, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

7. The Parties SHALL contact the courtroom deputy of the assigned judge by email if they wish to schedule oral argument.

8. This temporary restraining order was issued at 3:00 p.m. Pacific Standard Time on February 8, 2026.

Dated this 8th day of February, 2026.



David G. Estudillo
United States District Judge

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 5