UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO DOMINGO MATEO JUAN, | CASE NO. C26-0447-KKE |
| Petitioner(s), | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KRISTI NOEM, et al., | |
| Respondent(s). | |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner last entered the United States in 2016, was released from initial detention on parole, and was then re-detained in December 2025 when he reported for a scheduled check-in appointment with United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 12 ¶¶ 3, 4, 12. Petitioner contends that his re-detention violated his right to due process because ICE failed to follow its own regulations in effectuating his re-detention. Dkt. No. 1. Petitioner requests immediate release, as well as (among other things) an order enjoining re-detention of Petitioner without adequate notice and an opportunity to be heard. *Id*. at 12. The Government[1] opposes the petition, stating that it is entitled to detain Petitioner subject to his order of removal, and his detention has not yet become indefinite. Dkt. No. 11.

---

[1] This order refers to the Federal Respondents—Attorney General of the United States Pamela Bondi, U.S. Department of Homeland Security Secretary Kristi Noem, ICE Acting Director Todd Lyons, and ICE's Acting Seattle Field Office Director Laura Hermosillo—generally as "the Government."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

For the following reasons, the Court finds that the Government failed to follow its own regulations in detaining Petitioner, and his detention is not only unlawful per the regulations but also violates his constitutional right to due process. Accordingly, the Court will grant the habeas petition and order the Government to release Petitioner from custody.

## I.    BACKGROUND

Petitioner, a citizen of Guatemala, has lived in the United States for multiple periods of time—from 2005–06, 2007–09, and 2011–14—last entering the United States in 2016. Dkt. No. 12 ¶ 3. Petitioner was ordered removed from the United States in 2010, although he was paroled in 2016. *Id*. ¶¶ 3–4; Dkt. No. 14-1. Petitioner claimed fear of returning to Guatemala, and his fear was found to be credible. Dkt. No. 12 ¶ 6. Petitioner filed an application for asylum, withholding, and relief under the Convention Against Torture, and the immigration court scheduled a hearing on that application. *Id*. ¶¶ 8–9. Petitioner failed to appear for the hearing, and the immigration judge reinstated Petitioner's order of removal from 2010, in September 2023. *Id*. ¶ 9. Petitioner appealed that decision, and his appeal was dismissed on September 9, 2025. *Id*. ¶¶ 10–11.

During Petitioner's scheduled check-in with immigration enforcement on December 19, 2025, officers reviewed his file, discovered his order of removal, and detained him. Dkt. No. 13-1 at 3. On February 5, 2026, the immigration court granted Petitioner's motion to reopen his proceedings as to withholding only. Dkt. No. 12 ¶ 14.

On February 6, 2026, Petitioner filed a petition for writ of habeas corpus. Dkt. No. 1. On February 8, 2026, Petitioner filed an emergency motion for a temporary restraining order, stating that he had been transferred to a detention facility in Texas, requesting that the Court order his return to the Northwest ICE Processing Center and enjoin his transfer away from the jurisdiction of this Court while his petition is pending. Dkt. No. 3. The Government returned Petitioner to the Northwest ICE Processing Center, and the Court prohibited the Government from removing him

from the United States without leave from the Court. Dkt. Nos. 4, 7, 8, 10. The Government subsequently acknowledged that Petitioner cannot be removed while his withholding-only proceedings are pending. Dkt. No. 17 ¶ 5.

The petition is now fully briefed and ripe for resolution. For the following reasons, the Court will grant the petition.

## II.    ANALYSIS

### A.    Legal Authority

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Where a procedure is set forth in an agency's regulations in order to protect a fundamental constitutional right such as due process, and the agency fails to follow that regulatory procedure, courts have found that this failure constitutes a due process violation. *See, e.g.*, *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) ("It is well-established that government

agencies are required to follow their own regulations. … Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" (quoting *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025))).

**B.     The Government's Failure to Follow Its Regulations in Re-detaining Petitioner Violates His Constitutional Right to Due Process.**

Non-citizens subject to a removal order, such as Petitioner, may be released from detention under 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. These regulations describe the procedure by which release can be revoked if the non-citizen violates a condition of release, if there is a significant likelihood of removal "in the reasonably foreseeable future," or if revocation is in the public interest. 8 C.F.R. §§ 241.4(l), 241.13(i).

These regulations provide that "[u]pon revocation" of a release order, a non-citizen "will be notified of the reasons for revocation of his or her release" and will be afforded an initial informal interview "promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(l)(1), 241.13(i). During that interview, the non-citizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." 8 C.F.R. § 241.13(i).

Here, the Government denies that 8 C.F.R. §§ 241.4(l) and 241.13(i) apply to Petitioner, arguing that these regulations apply only to those non-citizens who are subject to a final order of removal but whose departure has not been effectuated during the specified 90-day period. Dkt. No. 11 at 6. According to the Government, the 90-day period has not yet run because Petitioner has been detained for only about two months (*id*. at 6–7), but the Government cites no authority linking the 90-day removal period to the date of a non-citizen's re-detention. The 90-day removal

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

period begins running on the latest of (1) the date the order of removal becomes administratively final; (2) the date of the court's final order, if the removal order is judicially reviewed and if a court orders a stay of removal of the non-citizen; or (3) the date the non-citizen is released from detention or confinement, if the non-citizen is detained or confined unrelated to an immigration process.  8 U.S.C. § 1231(a)(1)(B).  The second and third options do not apply to Petitioner's factual circumstances.  As to the first option, whether the Court looks to the 2016 date when the immigration court reinstated Petitioner's 2010 order of removal (per Petitioner (Dkt. No. 14 at 2)), or the September 2025 date when Petitioner's appeal of the 2023 reinstatement of his order of removal was dismissed (per the Government (Dkt. No. 11 at 5)), the 90-day period had expired before Petitioner was re-detained.  Thus, the Court rejects the Government's argument to the contrary and finds that 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 do apply to Petitioner.

As such, the Court agrees with Petitioner (Dkt. No. 14 at 3) that for purposes of resolving this petition, "the notice and interview requirements apply to anyone whose supervision has been revoked pursuant to 8 C.F.R. § 241.4(l)(1)." *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *5 (E.D. Cal. Sep. 5, 2025).  And here, the Government has not shown that it complied with those requirements in re-detaining Petitioner.

Petitioner received neither notice of the reasons for his release revocation before or at the time of his re-detention, nor has he received an informal interview as required by the regulations.  The Government justifies Petitioner's detention as authorized due to his administratively final order of removal, and claims that he was provided notice of his custody redetermination when he was arrested.  Dkt. No. 11 at 7.  That the Government may have the authority to detain Petitioner does not relieve it of the obligation to follow the law in effectuating a detention.  *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 157 (W.D.N.Y. 2025) ("[T]he mere fact that the government has the authority to detain someone does not mean that it may do so in any manner it chooses, without

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

affording due process."). Moreover, the Government has not submitted evidence to support its claim of contemporaneous notice of a custody redetermination; the Government did produce a warrant of removal that is dated four days after Petitioner was arrested (Dkt. No. 13-5), but this "notice" post-dates Petitioner's detention.[2] And the Government has not addressed its obligation to provide an informal interview at all. The Government has therefore failed to show that it complied with its own regulations in re-detaining Petitioner.

The Government's return is devoted primarily to arguing that Petitioner's detention is not yet indefinite (Dkt. No. 11 at 4–6) and therefore does not run afoul of *Zadvydas*, but, as noted by Petitioner, he does not argue that his detention *is* indefinite. Dkt. No. 14 at 4. "Nothing in *Zadvydas* ... provides the government with carte blanche to re-detain noncitizens without any process so long as the detention lasts under three months." *Alva v. Kaiser*, No. 25-cv-06676-RFL, 2025 WL 2419262, at *4 (N.D. Cal. Aug. 21, 2025). Thus, the thrust of the Government's return is inapposite to Petitioner's arguments in this case.

Because it is undisputed that federal agencies must follow their own regulations and that the Government has not done so here, the Court concludes that Petitioner's detention is unlawful and violates his constitutional right to due process. *See Constantinovici,* 806 F. Supp. 3d at 1164. The appropriate remedy for the violation of Petitioner's constitutional rights is release. *See Ceesay*, 781 F. Supp. 3d at 166 ("[B]ecause ICE did not follow its own regulations in deciding to re-detain [petitioner], his due process rights were violated and he is entitled to release."). The Court will grant the habeas petition on this basis and declines to address the remaining grounds listed in the petition.

---

[2] Notably, the Government describes Petitioner as arrested on December 22, 2025 (Dkt. No. 11 at 4), although the documentation it provides dates his arrest and re-detention to December 19, 2025. *See* Dkt. No. 13-1 at 3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

## III. CONCLUSION

For these reasons, the Court GRANTS Petitioner's habeas petition. Dkt. No. 1.

1. The Government is ORDERED to release Petitioner from custody under the conditions of release previously imposed, no later than March 5, 2026. Any future re-detention must comply with 8 C.F.R. § 241.13(i).

2. No later than March 6, 2026, the Government shall file a notice confirming that Petitioner has been released from custody.

3. The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 4th day of March, 2026.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge